UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

**ALBERTO RODRIGUEZ**

v.   C.A. NO. 08-003 S

**PROVIDENCE POLICE DEPARTMENT, ET AL.**

REPORT AND RECOMMENDATION

Jacob Hagopian, Senior United States Magistrate Judge

Plaintiff, Alberto Rodriguez, *pro se*, filed a complaint on October 16, 2007 (Docket # 1). Plaintiff alleges a violation of his civil rights by the Providence Police Department (the "PPD") and four individual police officers (the "Officers") as well as a violation of the Freedom of Information Act, 5 U.S.C. § 552 *et seq.* ("FOIA"), by the United States Department of Justice (hereinafter, the "United States"). Presently before the Court is plaintiff's motion for the entry of Default Judgment against the defendants (Docket # 15). This matter has been referred to me for preliminary review and recommended disposition pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons stated below, I recommend that plaintiff's motion be DENIED.

DISCUSSION

In his motion, plaintiff urges the Court to enter default judgment against the defendants for failing to respond timely to the complaint. However, I find that plaintiff motion fails for several reasons. First, no default has been entered against any of the defendants in this matter, and the entry of default is a prerequisite to the entry of default judgment under Rule 55 of the Federal Rules of Civil Procedure. *See, e.g., Husain v. Casino Control Com'n*, 265 Fed.Appx. 130, 133 (3d Cir. 2008)(citing 10A CHARLES ALAN WRIGHT, ARTHUR K. MILLER, MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE §2682 (2007)); *see also U.S. v. $23,000 in U.S. Currency*, 356 F.3d 157, 168 n. 15 (1st Cir. 2004).

Second, with respect to the United States, as the United States has filed several motions in this matter and is clearly defending against this action, an entry of default, and therefore default judgment, is not warranted. *See* Fed.R.Civ.P. 55(a)(default should be entered against party failing to defend against an action). Further, under Federal Rule 55(d), "[a] default judgment may be entered against the United States, its officers, or its agencies only if the claimant establishes a claim or right to relief by evidence that satisfies the court." Fed.R.Civ.P. 55(d). As the plaintiff has not presented any evidence regarding his FOIA claim against the United States, his claim does not satisfy the Federal Rule 55(d) requirement for entry of default judgment against an agency of the United States.

Third, neither a default nor a default judgment should not be entered against the PPD and the Officers because, as detailed in a Report and Recommendation issued simultaneously herewith, it is clear from the face of plaintiff's complaint that his claims against these defendants are time barred and should be dismissed.

Accordingly, for the reasons stated above, I recommend that plaintiff's motion for default judgment be DENIED.

Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of Court within ten days of its receipt. Fed.R.Civ.P. 72(b); LR Cv 72(d). Failure to file timely, specific objections to this report constitutes waiver of both the right to review by the district court and the right to appeal the district court's decision. *United States v. Valencia-Copete*, 792 F.2d 4 (1st Cir. 1986)(per curiam); *Park Motor Mart, Inc. v. Ford Motor Co.*, 616 F.2d 603, 605 (1st Cir. 1980).

/s/ Jacob Hagopian
Jacob Hagopian
Senior United States Magistrate Judge
June 23, 2009