UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

**ALBERTO RODRIGUEZ**

v.  C.A. NO. 08-003 S

**PROVIDENCE POLICE DEPARTMENT, ET AL.**

REPORT AND RECOMMENDATION

Jacob Hagopian, Senior United States Magistrate Judge

Plaintiff, Alberto Rodriguez, *pro se*, filed a complaint on October 16, 2007 (Docket # 1). Plaintiff alleges a violation of his civil rights by the Providence Police Department (the "PPD") and various individual police officers as well as a violation of the Freedom of Information Act, 5 U.S.C. §552 *et seq.* (the "FOIA"), by the United States Department of Justice (hereinafter, the "United States"). Presently before the Court is a motion filed by defendant, United States, either to dismiss the FOIA claims against it for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure (the "Federal Rules") or, in the alternative, for summary judgment pursuant to Federal Rule 56 (Docket # 19). Plaintiff has objected to the United States' motion ("Plaintiff's Objection") (Docket # 21)

This matter has been referred to me for preliminary review, findings, and recommended disposition pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons stated below, I find that the United States failed to address the FOIA request plaintiff raises in his complaint and therefore recommend that the United States' motion to dismiss and its motion, in the alternative, for summary judgment be denied without prejudice.

BACKGROUND

Plaintiff alleges that he was falsely arrested on November 28, 2003 by PPD officers for possession of a firearm and resisting arrest. Following his arrest, plaintiff was prosecuted by the United States Attorney for the District of Rhode Island (the "RIUSA") and convicted.

1

After his conviction, plaintiff filed several requests with the United States Department of Justice (the "DOJ") under the FOIA seeking information related to his arrest and criminal prosecution. In one request he seeks (1) dispatch communications and recordings of police transmissions on November 28, 2003 in Providence, Rhode Island at approximately midnight; (2) video and sound recordings of the police cruiser plaintiff was placed into; and (3) video of interviews of plaintiff in the Providence police station by police detectives and agents from the Bureau of Alcohol, Tobacco, Firearms and Explosives (the "ATF"). *See* Plaintiff's Objection, Exh. 1. Plaintiff's request (or at least the third prong of his request) was remanded to the ATF, a division of the DOJ, and given the "REFER TO" number 07-898 (hereinafter "FOIA Request No. 07-898"). *See id.* at Exh. 2. On July 13, 2007, the ATF granted his request in part and denied his request in part, providing him with a partially redacted case management log sheet. *See id.* Plaintiff sought an administrative appeal in a letter to the DOJ dated July 19, 2007, urging that the document provided was non-responsive to his request and seeking additional records. *See id.* at Exh. 1. Plaintiff alleges that he received no response to his appeal, and therefore filed the instant action.

As revealed in documents filed with the United States' instant motion, plaintiff's request (or at least the first two parts of the request regarding the dispatch communications and police cruiser recordings) was also routed to the Executive Office for the United States Attorneys (the "EOUSA"). The EOUSA assigned number 07-1091 to the request ("FOIA Request No. 07-1091"). *See* United States' Motion to Dismiss, Exh. B. In a letter dated May 29, 2007, the EOUSA denied the request, stating that a search of the RIUSA office revealed no records responsive to the request. *See id.* at Exh. C. Plaintiff appealed to the DOJ Office of Information and Privacy, but the appeal was denied. *See id.* at Exhs. D & F.

## ANALYSIS

### I. Legal Standards

The United States has moved for dismissal of the FOIA claim against it under Federal Rule 12(b)(1) for lack of subject matter jurisdiction and, in the alternative, for summary judgment under Federal Rule 56.

#### A. Subject Matter Jurisdiction

"For a federal court to have subject matter jurisdiction over a dispute, a statute must confer jurisdiction on the federal court and the exercise of jurisdiction must be consistent with the Constitution." *Sallen v. Corinthians Licenciamentos LTDA*, 273 F.3d 14, 23 (1st Cir. 2001). FOIA provides federal district courts jurisdiction to "enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld ... ." 5 U.S.C. §552(a)(4)(B). Under FOIA, "federal jurisdiction is dependent on a showing that an agency has (1) 'improperly'; (2) 'withheld'; (3) 'agency records.'" *Kissinger v. Reporters Comm. for Freedom of the Press*, 445 U.S. 136, 150, 100 S.Ct. 960, 968 (1980). To establish jurisdiction, the plaintiff bears the initial burden of alleging "improper withholding of agency records" by a federal agency, *Goldgar v. Office of Admin., Executive Office of the President*, 26 F.3d 32, 34 (5th Cir. 1994); however, once alleged, "[t]he burden is on the agency to demonstrate, not the requester to disprove, that the materials sought are not 'agency records' or have not been 'improperly' 'withheld.'" *U.S. Dep't of Justice v. Tax Analysts*, 492 U.S. 136, 142 n. 3, 109 S.Ct. 2841, 2847 n. 3 (1989). When, as here, a plaintiff challenges the adequacy of an agency's search, the agency can meet its burden by submitting affidavits or other evidence showing that it conducted a thorough search and determined no (or no additional) records responsive to the request exist. *Goldgar*, at 34; *Gillin v. I.R.S.*, No. 90-31, 1991 WL 495767, at *3 (D.N.H. April 15, 1991)(granting agency's Motion to Dismiss or, In the Alternative, for Summary Judgment for

lack of jurisdiction), *affm'd* 980 F.2d 819 (1st Cir. 1992)(affirming on summary judgment grounds).

**B.   Summary Judgment**

Summary judgment's role in civil litigation is "to pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial." *Garside v. Osco Drug, Inc.*, 895 F.2d 46, 50 (1st Cir. 1990)(citation omitted). Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). FOIA cases are commonly decided on summary judgment. *N. Dartmouth Props., Inc. v. Dep't of Hous. & Urban Dev.*, 984 F.Supp. 65, 67 (D.Mass. 1997). "Summary judgment is called for in FOIA cases when 'the defending agency ... prove[s] that each document that falls within the class requested either has been produced, is unidentifiable, or is wholly exempt from the [FOIA's] inspection requirements.'" *Gillin v. I.R.S.*, 980 F.2d 819, 821 (1st Cir. 1992)(quoting *Perry v. Block*, 684 F.2d 121, 126 (D.C.Cir.1982)). An agency may prove this by demonstrating that its response to the FOIA request resulted after the agency conducted a "search reasonably calculated to uncover all relevant documents." *Weisberg v. U.S. Dep't of Justice*, 745 F.2d 1476, 1485 (D.C.Cir. 1984)(citation omitted); *see also, Gillin v. I.R.S.*, 980 F.2d 819, 821 (1st Cir. 1992). Further, an agency may rely on affidavits that are clear, specific and reasonably detailed as evidence that it conducted the required search. *See Duggan v. U.S. S.E.C.*, No. 06-10458, 2007 WL 2916544, at *7 (D.Mass. July 12, 2007), *affrm'd* 277 Fed.Appx. 16 (1st Cir. 2008).

## II. Lack of Agency Evidence

Here, plaintiff has met his initial jurisdictional burden by generally alleging that the United States, more specifically the ATF, improperly withheld agency records within its possession responsive to his FOIA Request No. 07-898. Although the United States provided evidence that the EOUSA conducted a search reasonably calculated to uncover all relevant documents in response to FOIA Request No. 07-1091, it did not address the ATF's response to FOIA Request No 07-898. Accordingly, I find that the United States has failed to satisfy its burden to establish either a lack of subject matter jurisdiction or that it is entitled to judgment as a matter of law. I therefore recommend that the United States' motion be DENIED without prejudice, but that the United States defendant be allowed to resubmit a motion to dismiss and/or for summary judgment addressing plaintiff's claim regarding FOIA Request No. 07-898.

## CONCLUSION

Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of Court within ten days of its receipt. Fed R. Civ. P. 72(b); LR Cv 72(d). Failure to file timely, specific objections to this report constitutes waiver of both the right to review by the district court and the right to appeal the district court's decision. *United States v. Valencia-Copete*, 792 F.2d 4, 6 (1st Cir. 1986) (per curiam); *Park Motor Mart, Inc. v. Ford Motor Co.*, 616 F.2d 603, 605 (1st Cir. 1980).

_____
Jacob Hagopian
Senior United States Magistrate Judge
June 23, 2009