UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

ALBERTO RODRIGUEZ

v.                                                                                          C.A. NO. 08-003 S

PROVIDENCE POLICE DEPARTMENT, ET AL.

REPORT AND RECOMMENDATION

Jacob Hagopian, Senior United States Magistrate Judge

Plaintiff, Alberto Rodriguez, *pro se*, filed a complaint on October 16, 2007 (Docket # 1). Plaintiff alleges a violation of his civil rights by the Providence Police Department (the "PPD") and four individual police officers (the "Officers") as well as a violation of the Freedom of Information Act, 5 U.S.C. §552 *et seq.* by the United States Department of Justice. As plaintiff is proceeding *in forma pauperis* pursuant to 28 U.S.C. §1915 (Docket # 2), this Court is directed to screen plaintiff's complaint and dismiss any claim that, *inter alia*, "(i) is frivolous or malicious; [or] (ii) fails to state a claim on which relief may be granted." 28 U.S.C. §1915(e)(2). For the reasons stated below, I find that record demonstrates that the plaintiff's civil rights claims against the PPD and the Officers are clearly time barred and thus are frivolous and/or fail to state claims on which relief may be granted. Accordingly, I recommend that the claims against the PPD and the Officers be DISMISSED, with prejudice, and the PPD and the Officers be DISMISSED from this action.

BACKGROUND

In his complaint, plaintiff alleges that he was falsely arrested on November 28, 2003 by the Officers for possession of a firearm and resisting arrest. He further alleges that the Officers used excessive force during the arrest. Following his arrest, plaintiff was prosecuted by the United States Attorney for the District of Rhode Island and convicted.

1

## DISCUSSION

Plaintiff brings his claims against the PPD and the Officers under 42 U.S.C. §1983 ("§1983"), alleging that the PPD and the Officers, acting under the color of state law, deprived him of his rights under the Fourth Amendment of the Constitution by falsely arresting him and using excessive force against him. However, it is clear from the face of plaintiff's complaint that these claims are time barred.

Although the statute of limitations is generally an affirmative defense, the court can raise the issue *sua sponte* when prescreening a prisoner's complaint under §1915(e)(2). *See Johnson v. Rodriguez*, 943 F.2d 104, 108 (1st Cir. 1991)(affirmed dismissal of complaint as frivolous under prescreening provision of §1915 "because the temporal hurdle was both apparent and insurmountable"); *Street v. Vose*, 936 F.2d 38, 39 (1st Cir. 1991) (per curiam)("a complaint which states a claim that appears to have expired under the applicable statute of limitations may be dismissed as frivolous" under the prescreening provision of §1915); *Eriline Co., S.A. v. Johnson*, 440 F.3d 648, 655 (4th Cir. 2006) (statute of limitations defense may be raised by the court *sua sponte* when conducting a screening pursuant to §1915 if it is clear on face of complaint that it is time barred); *Caldwell v. Sun City Endoscopy*, CV 08-2086, 2009 WL 995787, at * 1 (D.Ariz. Apr. 14, 2009)(appropriate to dismiss prisoner's complaint for failure to state a claim *sua sponte* as time-barred under §1915(e)(2)(B)).

In actions brought pursuant to §1983, federal courts look to the forum state's statute of limitations governing personal injury actions to determine the appropriate limitation period. *Owens v. Okure*, 488 U.S. 235, 249-250, 109 S.Ct. 573, 582 (1989). The applicable statute of limitations in this jurisdiction is R.I. Gen. Laws 9-1-14(b), which provides for a three year limitations period. *See* R.I. Gen. Laws 9-1-14(b). Further, actions under §1983 generally accrue

when the plaintiff knows, or has reason to know, of the injury on which the action is based. *See Moran Vega v. Cruz Burgos*, 537 F.3d 14, 20 (1st Cir. 2008).

Here, the actions about which plaintiff complains occurred on the night of his arrest - November 28, 2003. As plaintiff knew or should have known of the alleged false arrest and excessive force at the time of the arrest, the three-year statute of limitations on these claims began to run that night. However, plaintiff did not file this action until October 16, 2007, well beyond the three year limitations period. Further, plaintiff does not allege any facts suggesting that the statute of limitations could be tolled in this case. Accordingly, I find plaintiff's claims against the PPD and the Officers are time barred. I therefore recommend that such claims be DISMISSED, with prejudice, and the PPD and Officers be DISMISSED as defendants in this action.

Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of Court within ten days of its receipt. Fed R. Civ. P. 72(b); LR Cv 72(d). Failure to file timely, specific objections to this report constitutes waiver of both the right to review by the district court and the right to appeal the district court's decision. *United States v. Valencia-Copete*, 792 F.2d 4, 6 (1st Cir. 1986) (per curiam); *Park Motor Mart, Inc. v. Ford Motor Co.*, 616 F.2d 603, 605 (1st Cir. 1980).

_____
Jacob Hagopian
Senior United States Magistrate Judge
June 23, 2009