UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

ALBERTO RODRIGUEZ

v.  C.A. NO. 08-003 S

PROVIDENCE POLICE DEPARTMENT, ET AL.

REPORT AND RECOMMENDATION

Jacob Hagopian, Senior United States Magistrate Judge

Plaintiff, Alberto Rodriguez, *pro se*, filed a complaint on October 16, 2007 (Docket # 1). Plaintiff alleges a violation of his civil rights by the Providence Police Department (the "PPD") and various individual police officers as well as a violation of the Freedom of Information Act, 5 U.S.C. §552 *et seq.* ("FOIA"), by the United States Department of Justice (hereinafter, the "United States"). Presently before the Court is a second Motion for Summary Judgment (the "Summary Judgment Motion" or "SJM") pursuant to Rule 56 of the Federal Rules of Civil Procedure ("Rule 56") filed by defendant, United States (Docket # 36). Plaintiff objected to the Summary Judgment Motion ("Plaintiff's Objection") (Docket # 39). The United States submitted a Supplement to its Summary Judgment Motion (the "U.S. Supplement")(Docket # 45).

This matter has been referred to me for preliminary review, findings, and recommended disposition pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons stated below, I recommend that the Summary Judgment Motion be granted.

## BACKGROUND

Plaintiff alleges that he was falsely arrested on November 28, 2003 by PPD officers for possession of a firearm and resisting arrest. Following his arrest, Plaintiff was prosecuted by the United States Attorney for the District of Rhode Island (the "RIUSA") and convicted.

### I. Plaintiff's FOIA Requests

After his conviction, Plaintiff filed several requests with the United States under the FOIA seeking information related to his arrest and criminal prosecution. Plaintiff does not specifically identify the FOIA requests in the Complaint, however, attached as exhibits to the Summary Judgment Motion are requests dated October 24, 2006 (the "Oct. 24th Request"); January 22, 2007 (the "Jan. 22nd Request"); and April 18, 2007. In the requests he sought, *inter alia*, PPD dispatch communications from the night of his arrest and video of PPD detectives and

1

ATF agents interviewing him at the Providence police station. SJM, Declaration of Averill P. Graham ("DAG"), Exs. A, C & H; SJM, Declaration of David Luczynski ("DDL"), Ex. A.

## II.   EOUSA 2007 Response

The first two parts of Plaintiff's Jan. 22nd Request were routed to the Executive Office for the United States Attorneys ("EOUSA") and assigned reference number 07-1091. SJM, DDL, ¶¶ 4 & 5 & Exs. A & B. The EOUSA searched for records in the RIUSA office and notified Plaintiff that the search revealed no responsive records. SJM, DDL, ¶ 6 & Ex. C. Plaintiff appealed the decision to the Office of Information and Privacy of the United States Department of Justice (the "OIP"), but the OIP affirmed EOUSA's action. SJM, DDL, ¶¶ 7 & 9 & Exs. D & F. Further, the OIP suggested that Plaintiff request the PPD records under the Rhode Island Access to Public Records Act. *Id.*

## III.   ATF 2007 Response

The Oct. 24th and Jan. 22nd Requests (or at least the third part of each regarding the interviews of Plaintiff by PPD detectives and ATF agents) were referred to the Disclosure Division of the ATF and assigned reference number 07-630. SJM, DAG, ¶¶ 3 & 5 & Exs. A & C. The Disclosure Division search revealed two relevant files – a closed file specific to Plaintiff (the "Specific File") and an open general file that covered several cases in which the ATF had limited involvement (the "General File"). SJM, DAG, ¶¶ 6 & 23, n.4 & Ex. D. The Disclosure Division released segregable portions of the Specific File on April 5, 2007, but withheld relevant information from the General File because it was still open. SJM, DAG, ¶ 6. Later, after Plaintiff appealed and the General File had closed, the search request was remanded to the ATF under reference number 07-898. SJM, DAG, ¶¶ 14, n.2 & Ex. L. The Disclosure Division subsequently released a redacted one-page management log from the General File. SJM, DAG, ¶ 15 & Ex. M. Plaintiff appealed the Disclosure Division release, urging that the management log with redacted information related to events occurring prior to his arrest, contained "false information," and was "inconsistent" with his request. SJM, DAG, ¶ 16 & Ex. N.

## IV.   Complaint and First Summary Judgment Motion Filed

Plaintiff filed the Complaint on or about October 16, 2007. With respect to Defendant United States, Plaintiff alleged he had not been provided with adequate responses to the several FOIA claims he had filed and the one-page redacted management log did not pertain to his case.

The United States filed a motion to dismiss for lack of subject matter jurisdiction or in the alternative for summary judgment (the "First SJM") on April 17, 2009, urging that the EOUSA

2

had conducted an adequate search and found no records relating to Plaintiff's FOIA inquiries (Docket # 19). In support of the First SJM, the United States filed affidavits by David Luczynski, an attorney with the EOUSA, as well as two RIUSA employees who conducted the search. On June 23, 2009, I issued a Report and Recommendation ("First SJM R&R") recommending that the United States' motion be denied because the United States did not address the actions taken by the ATF with respect to Plaintiff's FOIA requests (Docket # 23).

After the First SJM R&R, the ATF Disclosure Division, in an effort to verify that all records had been released, contacted the Special Agent ("SA") assigned the case in the Providence Field Office. SJM, DAG, ¶ 19 & Ex. Q. The SA determined that the Providence Field Office had maintained a copy of a PPD tape from the night of Plaintiff's arrest. *Id.* The SA explained that the tape was likely not found during the initial search because the initial response likely came from the Boston Field Division, where records from closed cases are usually maintained. SJM, n.5; U.S. Supplement, Supplemental Declaration of Averill P. Graham ("DAG II"), ¶ 43. On August 5, 2009, the Disclosure Division released a copy of the tape to Plaintiff and informed him that they had no further records responsive to his FOIA requests. SJM, DAG, ¶ 19 & Ex. Q.

V.   **Instant Summary Judgment Motion**

On January 20, 2010, the United States filed the instant Summary Judgment Motion. The United States urges that it has fully responded to Plaintiff's FOIA requests. In support of its motion, the United States filed a declaration by EOUSA Attorney Advisor David Luczynski, attesting to the adequacy of the EOUSA search, and two declarations by the Chief of the ATF Disclosure Division, Averill P. Graham, attesting to ATF's search and use of exemptions. In response, Plaintiff urges that the Summary Judgment Motion be denied.

## ANALYSIS

I.   **Summary Judgment Standard**

The United States has moved for summary judgment under Rule 56. Summary judgment's role in civil litigation is "to pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial." *Garside v. Osco Drug, Inc.*, 895 F.2d 46, 50 (1st Cir. 1990) (citation omitted). Summary judgment is appropriate when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). The moving party bears the burden of showing that there is no genuine issue

3

as to any material fact necessary to entitle him to judgment. *Donovan v. Agnew*, 712 F.2d 1509, 1516 (1st Cir. 1983). If the movant makes the required showing, the nonmoving party opposing summary judgment must demonstrate the existence of a genuine issue of material fact. *Id.*

## II. FOIA

The FOIA generally requires federal government agencies to respond to requests for materials by providing materials in their possession that respond to such requests unless the agency can establish that the materials fall within one of nine exemptions. 5 U.S.C. § 552(a)(3); *see also Maynard v. C.I.A.*, 986 F.2d 547, 554 (1st Cir. 1993). Here, the United States urges that it has fulfilled its disclosure requirements under the FOIA while Plaintiff urges that the searches conducted by the EOUSA and ATF were not adequate and certain of the exemptions claimed by the ATF are inapplicable. Each issue is addressed in turn.

## III. Adequacy of Search

Plaintiff's primary complaint appears to be that the agencies have not discovered all of the items he has requested because they have not performed adequate searches. With respect to adequacy of search issues, "[s]ummary judgment is called for in FOIA cases when 'the defending agency ... prove[s] that each document that falls within the class requested either has been produced, is unidentifiable, or is wholly exempt from the [FOIA's] inspection requirements.'" *Gillin v. I.R.S.*, 980 F.2d 819, 821 (1st Cir. 1992)(quoting *Perry v. Block*, 684 F.2d 121, 126 (D.C.Cir. 1982)). An agency may prove that it has produced all identifiable non-exempt documents by demonstrating that its response to the FOIA request resulted after the agency conducted a "search reasonably calculated to uncover all relevant documents." *Weisberg v. U.S. Dep't of Justice*, 745 F.2d 1476, 1485 (D.C.Cir. 1984)(citation omitted). The agency may rely upon affidavits that are "relatively detailed and nonconclusory, and are submitted by responsible agency officials in good faith." *Maynard*, 986 F.2d at 559. The agency affidavit should describe both the scope and method by which the search was conducted and the structure of the agency's file system. *Id.* Ultimately, the adequacy of an agency's search turns on "'the reasonableness of the effort in light of the specific request.'" *Gillin*, 980 F.2d at 822 (quoting *Meeropol v. Meese*, 790 F.2d 942, 956 (D.C.Cir. 1986)).

Once the agency demonstrates that it has conducted a reasonable search, the FOIA requester can rebut the agency's summary judgment motion "only by showing that the agency's search was not made in good faith." *Maynard*, 986 F.2d at 560. Further, "an agency's affidavit

is accorded a presumption of good faith, which cannot be rebutted by purely speculative claims about the existence and discoverability of other documents." *Id.* (internal quotations omitted).

Here, both the EOUSA and ATF have submitted affidavits by responsible agency officials describing the agency searches in sufficient detail to demonstrate a reasonable and adequate search. Plaintiff disputes the reasonableness of the agency searches by urging that (i) the agencies failed to respond to two FOIA requests he made prior to the Oct. 24th Request; (ii) the federal agencies must have the materials because the PPD denied having them; and (iii) the ATF's failure to uncover all records in its initial search indicates that its search must have been inadequate or was not conducted in good faith. Plaintiff's reasoning, however, is not persuasive.

### A.   Previous FOIA Requests

In his objection to the Summary Judgment Motion, Plaintiff urges that the searches could not have been adequate because the agencies never responded to two FOIA requests he made earlier than the Oct. 24th Request in which he sought records of a phone call he had with a witness while at the ACI and information regarding fingerprints. Plaintiff's Objection, p. 9.

However, the United States explains that it has not been able to locate copies of any earlier requests and Plaintiff has not provided it with any copies. Further, Plaintiff did not claim in the Complaint or in response to the First SJM that the United States had not addressed earlier requests. Additionally, Plaintiff does not indicate that he ever administratively appealed the United States' failure to respond to the requests. And, the First Circuit has suggested that exhaustion of administrative appeals might be required prior to filing a FOIA claim in court. *Town of Winthrop v. F.A.A.*, 328 Fed.Appx. 1, *3 n.2 (1st Cir. 2009)(citation omitted).

### B.   State and City Agencies

Additionally, Plaintiff states that the City of Providence and the State of Rhode Island informed him that they did not have the evidence he requested relating to the night of his arrest and suggested he seek the evidence from the United States while the United States told him to request the information from the PPD. Plaintiff's Objection, at p.8; *see also* SJM, DDL, ¶ 9 & Ex. F (letter from OIP suggesting that Plaintiff request the records locally). Nonetheless, a statement by a state or city agency that it does not have the information does not indicate that the searches performed by the federal agencies here were not adequate. Additionally, it is the policy of the EOUSA to return evidentiary materials to the client agency, in this case the PPD, after a case is closed. SJM, DDL, Ex. G, ¶ 11 (declaration of RIUSA employee suggesting records were returned to PPD after the case file on Plaintiff was closed pursuant to EOUSA policy).

### C. ATF's Missteps and Bad Faith

Pursuant to Mr. Graham's declarations, it is clear that the ATF's initial search failed to turn up a tape in the Providence Field Office that was responsive to Plaintiff's FOIA request. SJM, DAG, ¶ 19. Further, the United States erred in moving for summary judgment in 2009 without addressing the ATF's response to Plaintiff's FOIA requests. However, the ATF's failure to uncover one tape does not suggest that ATF's overall search was unreasonable or conducted in bad faith, especially in light of the ATF's explanation that closed files are generally maintained in the Boston Field Division rather than in the Providence Field Office. *See Nulankeyutmonen Nkihtaqmikon v. Bureau of Indian Affairs*, 493 F.Supp.2d 91, 113-114 (D.Me. 2007)(numerous search mistakes made by federal agency did not suggest inadequate search or bad faith, but rather more mundane errors resulting from search techniques). Additionally, in response to the instant litigation, the ATF corrected its errors and, according to the Graham declarations, has disclosed all non-exempt records in its custody.

As Plaintiff has not presented any evidence other than "pure speculation" to rebut "the presumption of good faith" afforded the affidavit testimony of the federal agency officials, *see Maynard*, 986 F.2d at 560, the searches by the EOUSA and ATF should be deemed adequate.

## IV. Exemptions

The FOIA provides that nine categories of materials are exempted from the general requirements of disclosure, and that the exemptions are to be narrowly construed. 5 U.S.C. § 552(b); *see also U.S. Dep't of Justice v. Julian*, 486 U.S. 1, 8, 108 S.Ct. 1606 (1988). The government bears the burden of proving that withheld materials fall within one of the statutory exemptions, and district courts are required to make *de novo* determinations as to the validity of the asserted exemptions. 5 U.S.C. § 552(a)(4)(B); *see also Providence Journal Co. v. U.S. Dep't of the Army*, 981 F.2d 552, 556-57 (1st Cir. 1992). However, "summary judgment may be granted on the basis of the agency's accompanying affidavits or declarations if they describe the justifications for nondisclosure with reasonably specific detail, demonstrate that the information withheld logically falls within the claimed exemption, and are not controverted by either contrary evidence in the record nor evidence of agency bad faith." *North v. U.S. Dep't of Justice*, 658 F.Supp.2d 163, 170 (D.C.Cir. 2009) (citation omitted).

Here, the Disclosure Division withheld or redacted certain documents responsive to Plaintiff's FOIA requests. The U.S. filed a supplemental declaration by Averill Graham describing the exemptions utilized by the ATF as well as a "Vaughn index" explaining the

6

agency's justification for nondisclosure of each document or portion of a document that it withheld. U.S. Supplement, DAG II, *see also Maine. v. U.S. Dep't of the Interior*, 298 F.3d 60, 65 (1st Cir. 2002)(describing the role of the Vaughn index in FOIA cases).

The only exemptions Plaintiff appears to challenge are those based on 5 U.S.C. § 552(b)(7)(C) ("Exemption 7(C)"). Exemption 7(C) allows nondisclosure of "records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records ... could reasonably be expected to constitute an unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(7)(C). Exemption 7(C) requires a balancing between the privacy interest protected by the exemptions and the public interest in government openness that would be served by disclosure. *See Nat'l Archives & Records Admin. v. Favish*, 541 U.S. 157, 171, 124 S.Ct. 1570 (2004).

The balance here clearly favors non-disclosure. According to the Graham supplemental declaration and Vaughn index, the ATF withheld names and identifying information of federal and state law enforcement agents as well as third parties referenced as either witnesses or leads in connection with the investigation. U.S. Supplement, DAG II, ¶¶ 20-37. In support of the privacy interest, the ATF urges that disclosing the information could lead to future harassment, annoyance, embarrassment and even endangerment of the third parties, well-recognized concerns in law enforcement matters. *See North*, 658 F.Supp.2d at 172 ("It has long been recognized that disclosing information about an individual's involvement in law enforcement proceedings may constitute an unwarranted invasion of personal privacy for purposes of Exemption 7(C)"); *see also Schrecker v. U.S. Dep't of Justice*, 349 F.3d 657, 661 (D.C.Cir. 2003); *Neely v. FBI*, 208 F.3d 461, 465-66 (4th Cir. 2000).

Plaintiff offers no evidence to dispute these concerns. Instead Plaintiff urges that (i) he seeks only information pertaining to himself and his arrest so the privacy rights of other individuals are not affected and (ii) the potential safety and security concerns cited by the ATF are not persuasive because they are based purely on expectations rather than facts. However, according to the Graham supplemental declaration, the names and identifying information the ATF withheld were those of third parties, not the Plaintiff, and, thus, privacy concerns are apparent. Additionally, Exemption 7(C) prevents disclosure of information that "could reasonably be expected to constitute" an unwarranted invasion of privacy, and, thus, the ATF's consideration of expected privacy invasions is legitimate. 5 U.S.C. § 552(b)(7)(C).

Further, Plaintiff does not present evidence supporting a public interest in disclosing the information that outweighs the privacy concerns. Although he claims he requires the information to prove that he was unlawfully arrested and convicted, "[t]here is no public interest in supplementing an individual's request for discovery." *Carpenter v. U.S. Dep't of Justice*, 470 F.3d 434, 441 (1st Cir. 2006)(citation omitted); *see also Neely*, 208 F.3d at 464 (holding that there is no cognizable FOIA interest in a defendant's need for information to establish his own innocence); *Maine*, 298 F.3d at 65 ("FOIA was not designed to supplement the rules of civil discovery"). Additionally, to the extent he seeks to expose flaws in substantive law enforcement policy or practice, Plaintiff has presented no evidence that disclosing the identities of law enforcement agents and other third parties in this case would further such goal. *See Favish*, 541 U.S. at 174 ("[W]here there is a privacy interest protected by Exemption 7(C) and the public interest being asserted is to show that responsible officials acted negligently or otherwise improperly in the performance of their duties, the requester must establish more than a bare suspicion in order to obtain disclosure").

Finally, the only exemptions about which Plaintiff specifically complains involve the redactions to the case management log from the General File. Plaintiff states that the redacted portions of the log do not pertain to him because he was in prison during the dates of the blacked-out events. To the extent he is seeking to see the redactions to determine why his name is included with the others in the file, he provides no reasons or evidence suggesting that the Exemption 7(C) should not protect the redacted information. In fact, Exemption 7(C) is applicable for the very reason that Plaintiff states, i.e., the information is not about him.

Accordingly, the United States has shown that the privacy interests here outweigh the public interest in disclosure and thus ATF properly claimed Exemption 7(C). Further, as the Graham supplemental declaration and Vaughn index filed on behalf of the ATF sufficiently describe the justifications for nondisclosure, and such justifications are not controverted by either contrary evidence in the record or evidence of agency bad faith, the United States should succeed on its summary judgment motion with respect to its exemptions.

## CONCLUSION

As the United States has demonstrated that there are no material issues of fact in dispute and that it is entitled to judgment as a matter of law with respect to both performing an adequate search and properly claiming exemptions in response to Plaintiff's FOIA requests, I recommend that the United States' Summary Judgment Motion be GRANTED and that it be DISMISSED as a defendant in this action.

Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of Court within fourteen days of its receipt. Fed R. Civ. P. 72(b); LR Cv 72(d). Failure to file timely, specific objections to this report constitutes waiver of both the right to review by the district court and the right to appeal the district court's decision. *United States v. Valencia-Copete*, 792 F.2d 4, 6 (1st Cir. 1986) (per curiam); *Park Motor Mart, Inc. v. Ford Motor Co.*, 616 F.2d 603, 605 (1st Cir. 1980).

_____
Jacob Hagopian
Senior United States Magistrate Judge
Date: August 5, 2010