```
                    UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF RHODE ISLAND
- - - - - - - - - - - - - - - - - -
                                    :
ALBERTO RODRIGUEZ,                  :
        Plaintiff,                  :
                                    :
    v.                              :    C.A. No. 08-03 S
                                    :
PROVIDENCE POLICE DEPARTMENT,       :
SCOTT PETROCCHI, SHAWN KENNEDY,     :
MARTIN HAMES, DAVID MOSCARELLI,     :
FREEDOM OF INFORMATION ACT, and     :
DEPARTMENT OF JUSTICE,              :
        Defendants.                 :
- - - - - - - - - - - - - - - - - -
```

## MEMORANDUM AND ORDER

WILLIAM E. SMITH, United States District Judge.

This matter is before the Court on Plaintiff's objections to three Reports and Recommendations ("R & Rs") of Magistrate Judge Hagopian, two issued on June 23, 2009, and the third on August 5, 2010. Plaintiff, who is incarcerated in federal prison, appears before the Court pro se. On January 19, 2010, the Court provided Plaintiff with thirty days to belatedly file objections to the 2009 R & Rs, after Plaintiff explained that he had never received the R & Rs, presumably due to his transfer within the federal prison system. In addition, Plaintiff has filed a timely objection to the August 2010 R & R. As explained in detail below, this Court will now revisit portions of the three R & Rs, subjecting them to a de novo review, in accordance with Fed. R. Civ. P. 72(b)(3).

Plaintiff's underlying civil complaint stems from his arrest on November 28, 2003, by Providence police officers Scott

Petrocchi, Shawn Kennedy, Martin Hames and David Moscarelli. Plaintiff was initially held at the state Adult Correctional Facilities, and processed in Providence Superior Court for violating his probationary status, the result of a prior state conviction. Plaintiff was then indicted on a federal felony charge for possession of a firearm, based on the same arrest. In September 2004, he was tried before a jury in this Court and convicted. In March 2005, Plaintiff was sentenced to twenty years in prison. Plaintiff has attacked this sentence with a *habeas corpus* motion for relief pursuant to 28 U.S.C. § 2255, which motion has been denied in an Order entered this day.

Plaintiff originally filed the present civil complaint in the United States District Court for the District of Columbia on October 16, 2007. The case was transferred to this Court the following month. The Complaint consists of two claims: 1) a request under the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"), seeking information from the Providence Police Department, the Providence Superior Court, the Office of Information and Privacy at the Department of Justice, and the U.S. Attorney's Office, including documentation, tape recordings and video recordings concerning Plaintiff's arrest and subsequent trial; and 2) a civil rights claim, alleging that Plaintiff was beaten by four Providence police officers incident to his 2003

arrest. Because these two claims have proceeded along divergent paths, the Court will address the claims separately.

I. The FOIA claim

The day Plaintiff's Complaint was filed, the District of Columbia court issued multiple summonses to the U.S. Attorney in Washington, D.C., the U.S. Attorney General in Washington, D.C., the Providence Police Department, and the federal Office of Information and Privacy.[1] The receipts indicating the summonses' execution were returned by the U.S. Attorney on October 31, 2007, the U.S. Attorney General on October 23, 2007, and the Providence Police Department on October 19, 2007. The summons for the Office of Information and Privacy was returned unexecuted. It was reissued on January 7, 2008, and its receipt acknowledged on January 17, 2008. No timely answer or other responsive pleading was filed in this Court by any of these Defendants.

Over a year later, on March 9, 2009, Plaintiff moved for entry of default judgment against all Defendants. This spurred the office of the U.S. Attorney in Rhode Island to action, which then filed a motion for an extension of time to file a response, and followed up on April 17, 2009, with a motion to dismiss the Complaint. In its motion, the U.S. Attorney explained that efforts had been made to comply with Plaintiff's various FOIA requests,

---

[1] Summonses were also issued the same day to the four Providence police officers named in the Complaint. This will be addressed below.

-3-

that some documents had been provided to Plaintiff and that others were not in the custody of the U.S. Attorney. Moreover, the U.S. Attorney alleged that, subsequent to the filing of the Complaint, Plaintiff had received correspondence from FOIA staff and had made an appeal directly to that office.

Magistrate Judge Hagopian addressed the FOIA portion of Plaintiff's Complaint as follows: he recommended the denial of Plaintiff's motion for default judgment, pointing out that the U.S. Attorney had not been defaulted, a precondition for a default judgment; and that, moreover, various government offices had responded to the FOIA requests, and the U.S. Attorney in Rhode Island was finally actively litigating Plaintiff's claims. Plaintiff objected to this R & R.[2] In a separate R & R,[3] Magistrate Judge Hagopian recommended the denial without prejudice of the government's motion to dismiss the Complaint, instructing the U.S. Attorney to go further to fulfill Plaintiff's FOIA requests. Plaintiff had no objection to this.

These matters proceeded, with additional material being provided to Plaintiff. The U.S. Attorney subsequently filed a motion for summary judgment on January 20, 2010. The government's memorandum of law set forth details concerning the searches undertaken by the various government agencies named in Plaintiff's

---

[2] This R & R was issued June 23, 2009 (ECF No. 22).

[3] This R & R was issued June 23, 2009 (ECF No. 23).

Complaint, including the extent of the searches and a description of the materials discovered and produced. The U.S. Attorney argued that summary judgment should be granted in its favor on the FOIA claim because the searches had been reasonable and adequate as required by the law, and because all available materials had been provided to Plaintiff. Plaintiff objected to the motion for summary judgment, arguing that the government's searches were incomplete and inadequate. That motion was reviewed by Magistrate Judge Hagopian who recommended, in the August 2010 R & R, that summary judgment be granted in favor of the government. Plaintiff has objected to this R & R, and both of Plaintiff's objections are presently pending before this Court.

The August 2010 R & R provides a detailed and complete summary of the government's efforts to locate and produce the materials requested by Plaintiff, including an extensive analysis of the applicable law and exemptions to the law. Magistrate Judge Hagopian concluded that the government efforts were adequate. The Court can find no fault with the R & R, and, in fact, Plaintiff has no objection to the analysis concerning the adequacy of the search, the productions and the exemptions. Plaintiff's objections to the R & R focus solely on its failure to address his earlier motion to impose a default judgment on the federal government defendants based on their failure to answer his Complaint in a timely manner. This is likewise the focus of Plaintiff's objection to the earlier

R & R, which recommended the denial of Plaintiff's motion for the entry of default judgment against all Defendants.

    A.    Default Judgment

The first R & R based its recommendation to deny Plaintiff's motion for default judgment on two factors. First, no default had been entered against Defendants. Pursuant to Fed. R. Civ. P. Rule 55, the entry of default judgment is a two-step process. As a first step, default is entered against a defendant who has failed to answer or otherwise defend against a lawsuit. This provides the non-answering defendant with formal notification that he or she is risking the entry of default judgment, the second step in the process. See <u>United States v. $23,000 in U.S. Currency</u>, 356 F.3d 157, 168 n.15 (1st Cir. 2004).

Another reason set forth in the R & R for the denial of Plaintiff's motion for default judgment was that, by the time the R & R was issued, the federal government defendants were finally actively litigating the FOIA action. Soon after Plaintiff filed his motion for default judgment, the U.S. Attorney filed a motion for an extension of time to file a response, and then filed a motion to dismiss. Fed. R. Civ. P. Rule 55(d) sets an especially high bar for entries of default judgment against the United States by which the claimant must establish a right to relief based on "evidence that satisfies the court." Magistrate Judge Hagopian

suggested that Plaintiff had insufficient evidence and this Court concurs in this assessment.

Generally speaking, the entry of default judgment is left to the discretion of the trial judge. Mason v. Lister, 562 F.2d 343, 345 (5th Cir. 1977). No party is entitled as of right to have his opponent defaulted. Bermudez v. Reid, 733 F.2d 18, 21 (2nd Cir. 1984). The First Circuit has written:

> It is true that a default judgment is a drastic sanction that should be employed only in an extreme situation. Default judgments are disfavored in the law. The essential reason for the traditional reluctance of the courts to default a party is the policy of the law favoring the disposition of cases on their merits.

Affanato v. Merrill Brothers, 547 F.2d 138, 140 (1st Cir. 1977) (internal citations and punctuation omitted). The Court's disinclination to enter default judgment is strengthened in cases where the government is the defendant, such as the present case. Stewart v. Astrue, 552 F.3d 26, 28 (1st Cir. 2009) ("[W]hen the government's default is due to a failure to plead or otherwise defend, the court typically either will refuse to enter a default or, if a default is entered, it will be set aside.").

In the present case, Plaintiff's motion for the entry of default judgment achieved its presumable goal – to get the federal government defendants to respond to and/or litigate the FOIA claims. Defendants' activity resulted in the production of materials that Plaintiff wanted in connection with his § 2255 motion. While the Court sympathizes with Plaintiff's frustration

at being ignored by the government defendants for so many months, the entry of a default judgment against them at this time is not the appropriate resolution. Consequently, the Court accepts the recommendation of the 2009 R & R that default judgment against the federal government defendants be denied, as well as the recommendation of the 2010 R & R that summary judgment be entered in favor of Defendants on the FOIA claim.

II. The Civil Rights Claim

The second claim in Plaintiff's original Complaint alleges that he was brutally beaten by four Providence police officers incident to his arrest. Plaintiff alleges, and provides medical records to support his allegation, that he was taken to Roger Williams Hospital immediately after his arrest where he was treated for various lacerations and received four staples on his scalp for a head injury, which Plaintiff claims resulted from Officer Petrocchi hitting him with a gun. The four police officers were individually served with Plaintiff's summons and Complaint at the Providence police headquarters at 325 Washington Street in Providence. All four return-receipts were signed by Jen Cotroneo and dated October 19, 2007. Nevertheless, no officer or any other representative of the Providence Police Department answered the Complaint, or filed any other responsive pleading.

In the R & R which addresses this portion of the Complaint, Magistrate Judge Hagopian recommended the sua sponte dismissal of

-8-

Plaintiff's claims against the Providence police officers.[4] Magistrate Judge Hagopian reasoned that Plaintiff's police brutality claims should be characterized as a civil rights case, pursuant to 42 U.S.C. § 1983, and as such subject to Rhode Island's three-year statute of limitations for personal injury actions, R.I. Gen. Laws § 9-1-14(b). Plaintiff's arrest took place on November 28, 2003 - the date his action accrued. The Complaint was not filed in the District Court for the District of Columbia until October 16, 2007, more than three years later.

In a separate R & R which addresses Plaintiff's motion for default judgment[5], Judge Hagopian denied the entry of default judgment because, he concluded, it was clear from the face of the Complaint that Plaintiff's claims were time barred. In his objection to these R & Rs, Plaintiff argues that the default judgment is proper, and that the statute of limitations should be subject to equitable tolling based on his earlier, timely efforts to lodge his police brutality complaint.

A. The Doctrine of Equitable Tolling

The United States Supreme Court has considered equitable tolling in cases where a litigant can establish that he or she has worked diligently to pursue his or her rights, and where extraordinary circumstances stood in the way of timely action.

---

[4] R & R issued June 23, 2009 (ECF No. 24).

[5] R & R issued June 23, 2009 (ECF No. 22).

Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005); Lawrence v. Florida, 549 U.S. 327, 336 (2007). The First Circuit has stated that equitable tolling is only available in instances "in which circumstances beyond the litigant's control have prevented him from promptly filing." Lattimore v. Dubois, 311 F.3d 46, 55 (1st Cir. 2002). In addition, the burden of persuasion is on the party seeking to invoke the doctrine of equitable tolling, who must "establish a compelling basis for awarding such relief." Donovan v. Maine, 276 F.3d 87, 93 (1st Cir. 2002). The doctrine of equitable tolling has been recognized by the Rhode Island Supreme Court only in cases of mental incapacity. See Johnson v. Newport County Chapter for Retarded Citizens, Inc., 799 A.2d 289, 292 (R.I. 2002).

Plaintiff asserts that he filed, or at least tried to file, a civil suit alleging police brutality while he was being processed as a probation violator in Rhode Island Superior Court between January and March 2004. Plaintiff claims the violation hearing never took place, and that he never received any response from the Superior Court, despite his frequent requests for a civil docket sheet. This Court undertook an extensive search of Rhode Island Superior Court records and found no indication that Plaintiff had succeeded in filing a police brutality claim in that court.

On November 22, 2005, Plaintiff filed a Civilian Complaint with the Providence External Review Authority, a civilian board

that reviews complaints of police misconduct. In this nine-page document, Plaintiff alleges the same facts concerning his arrest that are outlined in the present Complaint: that he was struck on the head with a gun, that he was kicked to the ground, and that he was repeatedly kicked and punched while handcuffed. Unfortunately for Plaintiff, the Providence External Review Authority only considers complaints made within a year of the occurrence, and, consequently, Plaintiff's Civilian Complaint was dismissed as out of time on October 5, 2006.

The Court recognizes that Plaintiff has exhibited diligence by filing a notarized complaint with the Providence External Review Authority while he was incarcerated. He has also exhibited diligence in pressing his federal complaint concerning his treatment by the Providence police officers since its filing in 2007. However, all of this effort has come long after the night of Plaintiff's arrest, and long after his trial, conviction and sentencing in connection with that arrest. This failure to pursue his remedies in a timely fashion weighs against a finding of sufficient diligence on the part of Plaintiff.

The Supreme Court also requires a demonstration of extraordinary circumstances in order to invoke the doctrine of equitable tolling. While incarceration poses obstacles to litigation, it is not sufficient to meet the extraordinary circumstances threshold. Candelaria v. United States, 247 F. Supp.

2d 125, 131 n.4 (D.R.I. 2003) ("Simply put, a lack of familiarity with the legal system itself does not qualify as an extraordinary circumstance that would excuse a late filing: even for pro se petitioners."); see also Delaney v. Matesanz, 264 F.3d 7, 15 (1st Cir. 2001). Rhode Island's statute covering the tolling of the statute of limitations, R.I. Gen. Laws § 9-1-19, was amended in 2001 to strike out "imprisonment" as an excusable impediment to the timely filing of a lawsuit.

It is also significant to note that while the statute's three-year timetable was running, Plaintiff was being tried, convicted and sentenced on the federal firearms charge. This process involved frequent contact with the judicial system and provided Plaintiff with various opportunities to raise his police brutality claim within the statute of limitations. For all these reasons, the Court declines to invoke the doctrine of equitable tolling to permit Plaintiff's claim to go forward, and concludes instead that Plaintiff's claim against the Providence police officers is time barred.

B.   Default Judgment Against the Providence Police Officers

The Court cannot conjecture as to why the Providence police officers, and all the other defendants, failed to respond to Plaintiff's Complaint. Plaintiff's many filings to this Court reflect his frustration at being ignored by the judicial system. However, no default judgment can be entered against the Providence

police officer defendants because no default was ever entered, and because the claim against these defendants is time barred.

III. Conclusion

The Court accepts the three contested R & Rs which 1) deny Plaintiff's motion to enter default judgment against all Defendants; 2) grant summary judgment in favor of the U.S. Attorney on the FOIA claim; and 3) dismiss the § 1983 claim of excessive force against the Providence police officer defendants as time barred.

It is so ordered.

*/s/ William E. Smith*
William E. Smith
United States District Judge
Date: January 10, 2011